AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY 10 2023

MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of )
(Briefly describe the property to be searched )
or identify the person by name and address) )  Case No. 23-981 MR
)
CAMERA AND HARD DRIVE DEVICES CONTAINING )
VIDEO RECORDINGS LOCATED AT 27 COCHISE DR, )
MESCALERO, NM 88340 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):

The property to be searched, described above, is believed to conceal video recordings of an offense that occured on May 8, 2023. See attachment A and B, that is fully incorporated herein.

located in the ____MESCALERO____ District of ____NEW MEXICO____, there is now concealed (identify the person or describe the property to be seized):

TWO STORY SINGLE FAMILY RESIDENCE, LOCATED AT 27 COCHISE DRIVE, MESCALERO, NM 88340.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 113(a)(3), 1153 | Assault resulting in serious bodily injury in Indian Country |

The application is based on these facts:
See attachments A and B, which attached and incorporated fully by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JACOB GLOSSOP   Digitally signed by JACOB GLOSSOP
Date: 2023.05.10 13:48:01 -06'00'
*Applicant's signature*

Special Agent Jacob W. Glossop
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
____telephone____ (specify reliable electronic means).

Date: 05/10/2023

*Judge's signature*

City and state: Las Cruces, NM

Jerry H. Ritter, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The address of **27 Cochise Drive, Mescalero, NM 88340**; as further pictured below, including the residence, curtilage, any outbuildings, and the persons of any residents present during execution of the warrant:









## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Evidence of a crime; contraband, fruits of crime, and other items illegally possessed; or property designed for use, intended for use, or used in committing crimes on May 8, 2023, namely violations of 18 U.S.C. 113(a)(3), 1153, and particularly the following:

1. Any security and home monitoring system, to include any attachments that record or store (Hard drive) the activity for the monitoring system.

NOTE: This warrant authorizes the seizure and search of any such devices for evidence of the alleged crime listed above from May 8, 2023. Because someone electronic evidence is stored in universal time, the warrant authorizes the search of the home monitoring system for files from May 7, 2023, until May 9, 2023.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Jacob Wade Glossop, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant, under Federal Rule of Criminal Procedure 41, authorizing the search and seizure of video camera digital storage devices at a residence 27 Cochise Drive, Mescalero, NM 88340, as further identified in Attachment A, for the evidence and information identified in Attachment B; specifically, evidence relating to an ongoing investigation into an alleged violation of 18 U.S.C. §§ 113(a)(3), 1153, Assault resulting in serious bodily injury in Indian County.

2. I am a Special Agent with the Bureau of Indian Affairs (BIA) assigned to criminal investigations on major crimes. I have been so employed since January 2023. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned as a criminal investigator for the Bureau of Indian Affairs Mescalero Agency. I am currently assigned to investigate Title 18 violations occurring on the Mescalero Apache Reservation, Mescalero, New Mexico. During my tenure with the BIA, I have investigated numerous crimes including, but not limited to child sexual abuse, domestic violence, aggravated assault, and assault by strangulation. I previously served as a New Mexico State Police Officer for approximately four years, nine months. I was classified, trained, and employed as a certified State Police law enforcement officer with statutory arrest authority charge with conducting criminal investigations of alleged violations of state criminal statutes. I currently serve as an Infantry Officer in the U.S. Army Reserves. I have served over seventeen years in a combination between regular active-duty Army, New Mexico

1

National Guard, and U.S Army Reserves. During my military service I conducted multiple 15-6 UCMJ and Article-15 investigations at Platoon, Company, Battalion, and Brigade level.

3. Some of the facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officials, and witnesses. I have read reports and had discussions with investigators from these other agencies and have relied on their information as part of this affidavit.

4. Additionally, this affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### RELEVANT STATUES

5. Based on my training, experience, and facts set forth in this affidavit, I submit there is probable cause to believe that evidence of 18 U.S.C. §§ 113(a)(3), 1153, Assault resulting in serious bodily injury 1153 ("the Subject Offense"), as further described in Attachment B, will be in the locations described in Attachment A.

6. The Court has jurisdiction to issue the proposed warrant because it is a court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated. See 18 U.S.C. § 2711(3)(A)(i).

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

7. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

8.      Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serves as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronics evidence might be on the Device because.

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This user attribution evidence is analogous to the search for indicia of occupancy while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic camera device to record people attempting to unlawfully trespass your personal residence, the individual's electronic camera device will generally serve both as an instrumentality for committing a crime, and also a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. For my training and experience, I believe that an electronic device is evidence of how the electronic device (Security and home monitoring system was used; data that was recorded; and other records that indicate the nature of the offense.

9. **Nature of examination.** Based on the foregoing, and consistent with Rule 41 (e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

10. **Manner of execution.** Because this warrant seeks only permission to execute physical intrusion onto a premises to seize the camera recording devices. The execution of this warrant does not involve permission to examine a device about to or already in law enforcement possession. Consequently, I submit there is reasonable cause for the Court to authorize execution of this warrant at any time in the day or night.

4

## PROBABLE CAUSE

11. On May 8, 2023, at approximately 9:32 p.m., I was notified via cell phone by Officer Justin Williams that a Mescalero Apache Tribal Member, Larry Wayne Dennis had been assaulted. Officer Williams informed me that he had been dispatched to 27 Cochise Drive, Mescalero, New Mexico, 88340, a residence located within the exterior boundaries of the Mescalero Reservation, Indian Country ("the Residence"). Officer Williams further informed me that he was transporting the subject, Clifford Poncho to Lincoln County Detention Center (LCDC) for booking.

12. At approximately 9:58 p.m., on the same day, I arrived at the Lincoln County Medical Center (LCMC) and met with Larry in the emergency room. I identified myself as Special Agent Jacob Glossop with the Mescalero Agency, Bureau of Indian Affairs (BIA), at which Larry acknowledged. I observed Larry laying on a gurney in an exam room. The side of Larry's face near his left eye was swollen with bruising. His left eye was closed. He had multiple stitches on his cuts above his left eye. I saw blood coming from his mouth and nose. Larry expressed pain when he moved or talked. The Nurse advised Larry had multiple fractures on his face and will have to be transported to University Medical Center, El Paso, Texas, for further medical treatment.

13. At approximately 10:32 p.m., I interviewed Larry, who told me, in relevant summary, the following: Larry said that at approximately 7:00 p.m., his girlfriend, Melanie was walking down the street near the neighbor's residence looking for their dog. Larry said Melanie was bitten by a dog twice on her left leg. Melanie immediately came back to the Residence to tell Larry what happened. Melanie stated she was attacked by the neighbor's pit bull. Larry stated he remembers walking to the Clifford's residence located at 21 Cochise Drive, Mescalero, New

Mexico 88340. However, he does not remember what the conversation between Larry and Clifford. Larry remembers walking back to his Residence where he was followed by Clifford and his girlfriend, Tranette Sami Apachito. Upon arrival at Larry's front driveway at his Residence, Clifford and Larry started arguing. Larry stated he was standing chest to chest with Clifford. Larry attempted to turn away but stripped over Clifford's feet and fell on the ground. Clifford punched Larry's face on the left side 3-4 times. Larry could not remember anything until he was in the ambulance.

14. At approximately 11:00 p.m., I conducted an interview with Melanie Rose who is Larry Dennis's girlfriend. She was in another exam room. I saw Melanie had two dog bite marks on her left leg. One bite was on her outer left calve. The second bite mark was on her outer left thigh. I observed blood and bruises on her left leg near each bite mark. Melanie stated she was walking down the street looking for her dog that ran off. When she was near the neighbor's residence at 21 Cochise Drive, Mescalero, NM 88340, she observed a pit bulldog approach her. The Pitbull started barking and trying to circle her. As she started to back up and walk towards her residence, the pitbull bit her left leg. She went back to the residence and told Larry what happened. Melanie said Larry went to Clifford's residence to confront him about Melanie being bitten by the pitbull. When Larry was walking back from the neighbor's residence, Clifford and his wife Sonya followed Larry. Upon arrival, Larry and Clifford started arguing in the front driveway. Melanie stated Larry tripped over Clifford's feet and fell on the ground. Clifford started punching Larry on the left side of his face approximately 3-4 times. Melanie tried breaking up the fight. Clifford and Sonya left the driveway and went home. Melanie called 911 and a BIA Police Officer responded. Larry was transported by ambulance to Lincoln County Medical Center for treatment.

15. After interviewing the victims, Officer Williams arrived at LCMC. Officer Williams informed me during his initial investigation on the scene Clifford said Larry had a handgun when he confronted Clifford at his residence. Larry and Melanie both denied ever seeing or having a gun during the incident. They acknowledged having handguns at their residence. Larry's father identified as Chester Wayne Dennis gave permission for Officer Williams to search the residence for the alleged handgun. Officer Williams identified a grey and black 22 Caliber handgun. It was loaded with three bullets and one used brass shell.

16. Officer Williams saw multiple cameras outside Larry's Residence when he was initially on scene. Larry was asked for consent to search the camera devices, at which he stated the recordings were erased. The recordings erase after a 24-hour period. Based on my training and experience, I believe the cameras situated outside the subject residence may have recorded the alleged assault that took plan on May 8, 2023. I believe review of the device used to capture the video camera could produce evidence of the crime listed above. Based on my investigation and review of the scene, the cameras appear to be pointed in the same place that witnesses described the altercation took place.

17. When I arrive on scene, I saw the cameras facing towards the front driveway where the incident occurred.

18. Officer Williams informed me he booked Clifford at LCDC, Carrizozo, New Mexico.

**AUTHORIZATION REQUEST**

19. The facts within this affidavit, supports that probable cause exists to believe the cameras will contain evidence of the Subject Offense. I, therefore, respectfully request that the

requested warrant be issued to seize the camera, hard drive, and all video recordings on the electronic device.

20. I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Respectfully submitted,

s/ Jacob Glossop
Jacob Glossop
Special Agent
Bureau of Indian Affairs

Subscribed and sworn to by reliable electronic means on May 9, 2023.

10 - JHR

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO

Reviewed and submitted by Marisa Ong, Assistant United States Attorney.

8